**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROBERT FERRANTE, et al., | : | CIVIL ACTION NO. 16-2588 (MLC) |
| Plaintiffs, | : | **MEMORANDUM OPINION** |
| v. | : | |
| COUNTY OF MONMOUTH, et al., | : | |
| Defendants. | : | |

**THE PLAINTIFFS** brought this action against the defendants — County of Monmouth, Monmouth County Prosecutor's Office, Manasquan Board of Education ("MBOE"), Manasquan High School ("MHS"), New Jersey Motor Vehicle Commission ("NJMVC"), State of New Jersey, and The Patch — in state court, inter alia, to recover damages for violations of 42 U.S.C. § 1983 and state law. (See dkt. 1-1.) On March 24, 2016, the state court issued an order dismissing the complaint for the plaintiffs' failure to prosecute. See L-3330-15 (N.J. Super. Ct. Monmouth Cty.). On April 5, 2016, the plaintiffs filed a motion in state court to reinstate the action ("Motion"). Id.

**THE MOTION** had yet to be resolved when the NJMVC and State of New Jersey removed this action from state court pursuant to 28 U.S.C. § 1331 ("Section 1331"). (See dkt. 1.) The Motion remains unresolved by the state court. See L-3330-15 (N.J. Super. Ct. Monmouth Cty.).

**THIS COURT** intends to remand this action immediately because the removal was improper. An action may be removed only if "such action is pending" in state court. 28 U.S.C. §§ 1441(a), 1446(a). This action was terminated — i.e., not pending — when the NJMVC and State of New Jersey improperly removed it, because the state court had yet to address the Motion. This Court lacks the authority to review the state court's dismissal or to otherwise adjudicate the underlying dispute. See State Farm Indem. v. Fornaro, 227 F.Supp.2d 229, 241–42 (D.N.J. 2002) (remanding action pursuant to the Rooker-Feldman doctrine).

**EVEN IF THIS ACTION** were considered to be pending in state court, it would have been removed by the NJMVC and State of New Jersey in violation of the rule of unanimity, because none of the other defendants provided written consent to join in the removal. (See dkt. 1 at 3 (asserting that MBOE and MHS consent to removal without written confirmation from those parties).) See 28 U.S.C. § 1446(b)(2)(A); see also First Am. Title Ins. Corp. v. JP Morgan Chase & Co., 384 Fed.Appx. 64, 66 (3d Cir. 2010) (stating "[r]emoval . . . requires unanimity among defendants"); Step Plan Servs. v. Koresko, 219 Fed.Appx. 249, 250 (3d Cir. 2007) (stating removing party must "obtain the unanimous consent of all defendants before seeking to remove the case to federal court"); Balazik v. Cty. of Dauphin, 44 F.3d 209, 213–14 (3d Cir. 1995) (stating the rule of unanimity applies to an action removed under Section 1331).

**THIS ACTION** may be properly removable at some point after the state court issues an order granting the Motion and reinstating this action to the state court docket. See 28 U.S.C. § 1446(b)(3) (stating action may be removed based on an "order or other paper"); see also In re Diet Drugs Prods. Liab. Litig., 282 F.3d 220, 232 n.8 (3d Cir. 2002) (stating "removal statute . . . does not categorically prohibit the filing of a second removal petition following remand"); Doe v. Am. Red Cross, 14 F.3d 196, 200 (3d Cir. 1993) (stating "nothing . . . prohibit[s] the filing of a second removal petition pursuant to Section 1446(b)"); C.S. v. Target Corp., No. 11-244, 2011 WL 915957, at *3 (W.D. Pa. Mar. 16, 2011) (stating "mere fact that a second (or third) notice of removal is filed does not appear to be dispositive").

**THIS COURT** will therefore remand this action to state court. This Court will issue an appropriate order and judgment.

      s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

**Dated:** May 10, 2016